IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MCCORDY SOLOMON                                                                          PLAINTIFF

v.                    Civil No. 5:24-cv-05115-TLB-CDC

DEPUTY JOSELUIS VALENZUELA,
Benton County Detention Center (BCDC);
DEPUTY OGDEN, BCDC; and DEPUTY
BENTON, BCDC                                                                              DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on the Plaintiff's failure to obey an Order of the Court.

### I. DISCUSSION

Plaintiff filed this action pursuant to 42 U.S.C. §1983. He proceeds *pro se* and *in forma pauperis*. Plaintiff was incarcerated in the Benton County Detention Center ("BCDC") at the time he filed his Complaint. (ECF No. 1 at 1).

When he filed this case, Plaintiff was specifically advised that he was required to immediately inform the Court of any change of address. If Plaintiff was transferred or released, Plaintiff was told he must advise the Court of any change in his address by no later than thirty (30) days from the time of his transfer to another facility or his release. Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires *pro se* parties to "promptly notify the Clerk and other parties to the proceedings of any change in his or her address."

1

On July 29, 2024, Plaintiff notified the Court he had been transferred to the McDonald County Jail in Pineville, Missouri. (ECF No. 20). On August 1, 2024, Plaintiff notified the Court he had been transferred to the Kay County Detention Center in Newkirk, Oklahoma, and was being detained by the United States Immigration and Customs Enforcement ("ICE").

On August 15, 2024, mail was returned as undeliverable from the McDonald County address and was resent to the Kay County, Oklahoma, address. (ECF No. 26). On March 10, 2025, mail was returned as undeliverable from the Kay County address. (ECF Nos. 39 & 40). The envelope was marked "return to sender—attempted not known—unable to forward." *Id.* There was also a handwritten note that said: "RTS-not here." *Id.* This gave Plaintiff thirty days or until April 9, 2025, to provide a new address. *Id.*

On March 20, 2025, Defendants filed a Motion to Stay the deadline for filing a summary judgment motion on the issue of exhaustion set by the Bench Order. (ECF No. 43). The Defendants filed the Motion on the grounds there was no current address for the Plaintiff. *Id.* The Motion was granted by Text Order entered on March 24, 2025. (ECF No. 44). On April 2nd and April 7th, mail sent to Plaintiff at the Kay County address was again returned as undeliverable.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas

2

requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

To date, Plaintiff has not provided a new address or contacted the Court in anyway. In fact, the last documents filed by the Plaintiff were his Responses to a motion to dismiss filed on September 23, 2024, and October 2, 2024. (ECF Nos. 35 & 36). At that time, Plaintiff was still incarcerated in Kay County.

## II.  CONCLUSION

For this reason, it is recommended that **this case be DISMISSED WITHOUT PREJUDICE** pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.**

**Status of Referral:  The referral terminates upon the filing of this Report and Recommendation.**

RECOMMENDED this 22nd day of April 2025.

*s/* *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

3